# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-609-RJC-DCK

| | |
|---|---|
| M-TEK KIOSK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| JOHN W. GOSNELL and ) | |
| RYAN CLAYTON ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will respectfully recommend that the motion be denied as moot.

## BACKGROUND

M-Tek Kiosk, Inc. ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1) against John W. Gosnell ("Gosnell") and Ryan Clayton ("Clayton") (together, "Defendants") on October 30, 2014. The Clerk of Court issued an "Entry Of Default" (Document No. 10) as to Defendant Clayton on December 8, 2014, after he failed to timely answer, respond, or otherwise plead in this matter. "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 11) was timely filed on January 5, 2015. See (Document No. 8). A response to the motion to dismiss was due by January 23, 2015. Instead, Plaintiff has now filed

its "Amended Complaint" (Document No. 14), pursuant to Fed.R.Civ.P. 15(a)(1)(B).  (Document No. 14, p.1, n.1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

As noted above, Plaintiff has filed an "Amended Complaint" (Document No. 14) within twenty-one (21) days of "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 11), filed pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff's "Amended Complaint" supersedes the original "Complaint," and therefore, the undersigned will respectfully recommend that Defendant's motion to dismiss be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the "Amended Complaint," if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 11) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 26, 2015

David C. Keesler
United States Magistrate Judge

3