IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-609-RJC-DCK

| | |
|---|---|
| M-TEK KIOSK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | AND ORDER |
| JOHN W. GOSNELL ) | |
| RYAN CLAYTON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

M-Tek Kiosk, Inc. ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1) against John W. Gosnell ("Gosnell") and Ryan Clayton ("Clayton") (together, "Defendants") on October 30, 2014. The Clerk of Court issued an "Entry Of Default" (Document No. 10) as to Defendant Clayton on December 8, 2014, after he failed to timely answer, respond, or otherwise plead in this matter.

"Defendant John W. Gosnell's Motion To Dismiss" (Document No. 11) was timely filed on January 5, 2015. See (Document No. 8). Plaintiff responded by filing an "Amended Complaint" (Document No. 14), pursuant to Fed.R.Civ.P. 15(a)(1)(B). (Document No. 14, p.1,

n.1). Based on the Amended Complaint, the undersigned issued a "Memorandum And Recommendation" (Document No. 15) on January 26, 2015, recommending that the first "…Motion To Dismiss" (Document No. 11) be denied as moot. No objections to the M&R have been filed, and the time to do so has lapsed.

"Defendant John W. Gosnell's Motion To Dismiss" (Document No. 16) was filed on February 6, 2015, along with a "Brief In Support…" (Document No. 17). Defendant Gosnell's renewed motion to dismiss seeks dismissal of all claims against him pursuant to Fed.R.Civ.P. 8, 9, 10, 12(b)(1) and 12(b)(6). (Document No. 16). Plaintiff's "Opposition To Defendant Gosnell's Motion To Dismiss" was filed on February 23, 2015; and Defendant's "Reply Brief In Support…" (Document No. 19) was filed on March 4, 2015.

The pending motion is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

2

entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

3

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

After careful review of the record, the Amended Complaint, the pending motion to dismiss, and the parties' recent briefs, the undersigned is persuaded that the interests of justice and judicial economy will be best served if Plaintiff files a Second Amended Complaint. The undersigned notes that this matter is still in the earliest stages of litigation; no Case Management Plan has issued, and thus, no Court-sanctioned discovery has begun. As such, the undersigned will order Plaintiff to file an Amended Complaint, and recommend that the pending motion to dismiss be denied as moot, without prejudice to re-file.

In short, the undersigned finds that there are inconsistencies, and perhaps errors, in the Amended Complaint that make a proper evaluation of that pleading difficult. The undersigned observes that Plaintiff has acknowledged that under the circumstances, Defendant Gosnell could have filed a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e). (Document No. 18, p.6, n.2). A motion for more definite statement might have been appropriate, but Defendant's decision to seek dismissal based on alleged inadequacies in the Amended Complaint is understandable. It is regrettable that Plaintiff's first amendment did not do more to clarify its allegations and claims.

The undersigned will decline to do an exhaustive analysis of the Amended Complaint at this time, but will just note some concerns. Defendant's briefing sufficiently addresses multiple issues that Plaintiff might consider prior to re-filing.

First, the issues of jurisdiction and venue present interesting questions. For example, the Court observes that Plaintiff contends "a *substantial* part of the events giving rise to the claims

occurred in this District." (Document No. 14, p.2) (emphasis added). Contrary to this initial assertion, the Amended Complaint does not appear to assert *any* events that occurred in this District. (Document No. 14). Rather, it appears that the underlying events are alleged to have occurred within the Middle District of North Carolina or elsewhere. Id. In addition, Defendant Clayton, who is the only party alleged to be a citizen of North Carolina, has not appeared in this matter and the Court has entered an "Entry Of Default" (Document No. 10) against him. The undersigned respectfully encourages counsel for the parties to confer regarding jurisdiction and venue.

Next, the undersigned finds that Plaintiff's use of "Defendants" to exclusively define Defendant Ryan Clayton and Defendant John Gosnell, and apparently no other individual or entity, leads to at least the suggestion of several inconsistencies in the allegations and claims. The undersigned believes the parties and the Court will be in a better position to consider Plaintiff's claims if Plaintiff is more precise in each instance about the entity and/or individual(s) it is referring to.

For example, the Amended Complaint makes various allegations about breach of Agreements by "Defendants," but it is vague about exactly who entered those Agreements. Perhaps, Plaintiff will allege that all the Agreements were entered into by Gosnell and Clayton individually, and no other individual or entity, but the allegations of breach are unclear and confusing as currently drafted.

The Amended Complaint also makes several allegations about "numerous self-payments" by "Defendants," but then is very specific about payments to Brian Reid ("Reid") who is not a named defendant, and to Defendant Clayton, while not alleging any such payments to Defendant Gosnell. Even though the Amended Complaint suggests in several places that Gosnell, as a

5

Defendant, is liable for self-payments and unjust enrichment, the pleading also asserts that Gosnell is a creditor of Luxury Tec / Mirrus with his own claim for $1,326,252 -- almost a million dollars more than Plaintff's claim for amounts owed. See (Document No. 14, pp.3 and 37).

Plaintiff currently asserts fifteen (15) claims for relief, and suggests that both Defendants are liable for all claims. The undersigned suspects that after further review, those claims might be narrowed. Whether or not the claims are narrowed, the undersigned is convinced that the Court and the parties will be greatly assisted in considering the claims if Plaintiff files a Second Amended Complaint that is more precise in its identification of the individuals and entities involved in the allegations underlying this case.

Again, the points made herein are not an exhaustive review of the current pleading. Plaintiff is respectfully encouraged to consider this M&R&O, as well as Defendant's briefing, and possibly discussions with Defendant's counsel, before revising its claims so that this Court (or another court) may better analyze the merits of Plaintiff's claims.

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant John W. Gosnell's Motion To Dismiss" (Document No. 16) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint on or before **June 3, 2015**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 13, 2015

David C. Keesler
United States Magistrate Judge